UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DIANE S. McGHEE,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    NO.: 2:12-CV-293 |
| BUFFALOE & ASSOCIATES, PLC, and<br>CAPITAL ONE BANK (USA),<br>NATIONAL ASSOCIATION,<br>    Defendants. | )<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

Three matters are currently pending before the Court in this Fair Debt Collection Practices Act, 15 U.S.C §§ 1692, *et seq.*, ("FDCPA") and Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, case (1) Capital One Bank's motion for summary judgment, [Doc. 26]; (2) the motion of Buffaloe & Associates, PLC ("Buffaloe") for partial judgment on the pleadings, [Doc. 30], and supplemental motion for partial judgment on the pleadings, [Doc. 38]; and (3) Buffaloe's motion to dismiss for lack of subject matter jurisdiction, [Doc. 42].

The Clerk is DIRECTED to TERMINATE Capital One's motion for summary judgment in that a stipulation of dismissal against Capital One was filed on March 25, 2010, [Doc. 51]. Plaintiff has not responded to Buffaloe's motion and supplemental motion for partial judgment on the pleadings and these motions are due to be GRANTED for the reasons which follow. Because the grant of Buffaloe's motion for partial judgment on the pleadings fully disposes of

plaintiff's complaint against Buffaloe, the Court declines to address Buffaloe's motion to dismiss and it is likewise DENIED AS MOOT.

I.  **Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but earlier enough not to delay trial a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Giegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Firefighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007). The court stated that "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)

2

(citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1998) (quotations and emphasis omitted).

## II.    Relevant Factual Background

The following facts are taken from Buffaloe's brief in support of its motion for partial judgment on the pleadings:

The Plaintiff Diane S. McGhee ("Plaintiff") filed a Complaint initiating the instant action on July 12, 2012. (See generally Compl.) In her Complaint, the Plaintiff alleges that Defendants Capital One Bank (USA), National Association ("Capital One") and Buffaloe & Associates, PLC ("Buffaloe") violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. ("TILA") in the course of attempting to collect a credit card debt incurred by the Plaintiff. (Compl. ¶¶ 2, 7.)

The credit card at issue was originally owned or serviced by Capital One. (Compl. ¶ 7.) On July 12, 2011, Buffaloe sent the Plaintiff a letter on its own letterhead Case 2:12-cv-00293- advising her of the outstanding debt incurred under the card agreement in the amount of $1,256.42. (Compl. ¶ 11, 13, 15, Ex. 1). The letter identified Buffaloe as a debt collector and Capital One as its client. (Compl. Ex. 1.) The second sentence in the body of the July 12, 2011 letter stated that, at that time, no attorney at Buffaloe had reviewed the Plaintiff's account. (Compl. ¶ 16, Ex. 1.) The letter contained a validation notice, printed in bold at the bottom of the

3

first page, which stated, among other things, that "[u]nless [the Plaintiff] notif[ied] the office within 30 days after receiving the notice that [she] disputed the validity of the debt… [Buffaloe] would assume the debt [was] valid." (Compl. ¶ 16, Ex. 1.) The letter also stated that failure to contact the office could result in Capital One considering additional remedies to recover the outstanding balance. (Compl. ¶ 16, Ex. 1.)

On September 28, 2011, Buffaloe filed a civil summons in the General Sessions Court of Greene County, Tennessee initiating a suit on a sworn account to collect the debt incurred by the Plaintiff. (Compl. ¶ 26, Ex. 2.) The civil summons included an attached sworn affidavit ("Sworn Affidavit") executed by an authorized agent of Capital One which verified the correctness of the amount of the debt as stated in the civil summons. (Compl. ¶¶ 26, 29, Ex. 2.)

On July 12, 2012, Plaintiff filed the Complaint alleging that Defendants' conduct violated various provisions of the FDCPA. Specifically, Plaintiff makes the following allegations which are relevant to this motion:

The use of Buffaloe's letterhead in the July 12, 2011 collection letter constituted a false implication that "attorneys, acting as attorneys" were involved in the debt collection, despite a disclaimer to the contrary, in violation of 15 U.S.C. § 1692e (Compl. ¶¶ 11-21.);

The statement in the July 12, 2011 collection letter that "if you fail to contact this office, our client may consider additional remedies to recover the balance due" is inconsistent with a debtor's right to dispute a debt under 15 U.S.C. § 1692g(b) and could, therefore, constitute a misleading statement in violation of 15 U.S.C. §§ 1692e &1692e(10), and is a threat to initiate legal action prior to the expiration of the validation period in violation of 15 U.S.C. § 1692e(5). (Compl. ¶¶ 22-24.); and

4

The omission of a disclosure on the Sworn Affidavit that it was a "communication from a debt collector" violates 15 U.S.C. § 1692e(11). (Compl. ¶ 40.)

**III.   Analysis and Discussion**

Since plaintiff did not respond to Buffaloe's motion, the Court assumes plaintiff does not object to the relief sought by Buffaloe, see E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Nevertheless, the Court will briefly address Buffaloe's motion on its merits.

The FDCPA prohibits debt collectors from making "false, deceptive, or misleading communications in connection with the collection of any debt." 15 U.S.C. § 1692(e). In evaluating whether a communication is false, deceptive, or misleading, courts will examine the communications from the perspective of the least sophisticated consumer. *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1028-29 (6th Cir. 1992). Though the least sophisticated consumer is a lower standard, it is not intended to accommodate "bizarre or idiosyncratic interpretations of collection notices." *Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). The least sophisticated consumer "can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.*

Buffaloe makes three arguments in support of its motion: (1) That the use of Buffaloe's letterhead did not violate the FDCPA's prohibition against false, deceptive, or misleading communications; (2) that the statement in the July 12, 2011 collection letter that Capital One may seek additional remedies was consistent with the validation notice and not a threat of action which could not be legally taken; and (3) that the affidavit filed in support of the civil warrant on a sworn account was not required to contain a § 1692(e)(11) disclosure because it falls within the formal pleading exception.

5

### A. Buffaloe's Letterhead

Plaintiff claims that the use of Buffaloe's letterhead "falsely implies that attorneys, acting as attorneys, are involved in the collection of the plaintiff's debt," [Doc. 1, ¶ 21], in violation of § 1692(e)(3) of the FDCPA. Buffaloe disagrees because the July 12, 2011 collection letter on Buffaloe letterhead contained a disclaimer that clearly states that "No attorney" had "reviewed the particular circumstances of [the Plaintiff's] account." The Court agrees with Buffaloe.

In *Farmer v. Buffaloe & Associates*, this Court considered the effectiveness of the very same disclaimer. *See Farmer v. Buffaloe & Associates*, 2012 WL 6045976 (E.D. Tenn. Dec. 5, 2012) (Varlan, C.J.). The undersigned agrees with Judge Varlan's reasoning and conclusions in *Farmer* that such statements "sufficiently apprise the debtor of the attorney's role as a debt collector and do not run afoul of 15 U.S.C. 1692(e)(3)" 2012 WL 6045976 at * 4 (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363-65 (2d Cir. 2005) and *Michael v. Javitch, Black & Rathbone, LLP*, 825 F. Supp. 2d 913, 921-22 (N.D. Ohio 2011)).

### B. The Threat Of Action Which Court Not Legally Be Taken In Violation Of Validation Rights

The FDCPA sets forth a 30-day period following the initial communication or subsequent follow-up notice during which a debt collector must cease all collection actions to allow the debtor to challenge the validity of the debt. 15 U.S.C. § 1692g(b). The initial communication or subsequent follow-up notice must include a notice of the plaintiff's validation rights under 15 U.S.C. § 1692g during this 30-day period. See 15 U.S.C. § 1692g(a).

Like Judge Varlan in *Farmer*, the Court agrees with Buffaloe.

> . . . Even the least sophisticated consumer reading the contested statement in conjunction with the statement of rights in the validation notice would not construe the contested statement as inconsistent with the statement of rights in the validation notice. Indeed, nothing in the contested statement contradicts the debtor's

6

> validation rights under 15 U.S.C. § 1692g or the timeframe during which the debtor may take advantage of those rights. *Cf. Dunn v. Derrick E. McGavic, P.C.*, 653 F. Supp. 2d 1109, 1113–14 (D. Or. 2009) (finding the statement "[i]f our client instructs us to file suit immediately, we may do so even if the thirty (30) day dispute and validation periods described below have not expired" overshadowed and contradicted the debtor's right to dispute the debt).

*Farmer*, 2012 WL 6045976 at * 5.

The Court likewise agrees that the letter does not constitute a threat of immediate legal action prior to the expiration of the validation period in violation of 15 U.S.C. § 1692e(5). "[T]he least sophisticated consumer would, reading the letter in its entirety, understand that he or she has thirty days to contest the debt and that no legal action would commence until that time period expired." *Id.*

### C. Formal Pleading Exception

Section 1692e(11) of the FDCPA requires that all communications which occur subsequent to the initial communication contain the disclosure "that the communication is from a debt collector." 15 U.S.C. § 1692e(11). However, this disclosure is not required to be included in formal pleadings. *Id*.

In Tennessee, parties seeking to collect a debt may file an action on a sworn account, see *Am. Exp. Bank, FSB v. Fitzgibbons*, 362 S.W. 3d 93, 96 (Tenn. Ct. App. 2011). Tennessee law requires that actions on a sworn account be brought "with an affidavit of the plaintiff or its agent as to [the account's] correctness." Tenn. Code Ann. § 24-5-107(a). Plaintiff claims that failure to include the disclosure that the communication is from a debt collector on the affidavit attached to the civil warrant violates § 1692e(11). Defendant argues that the affidavit is part of the formal pleading required by the Tennessee statute and invokes the "formal pleading" exception of § 1692e(11). Once again, the Court agrees with Buffaloe.

7

The civil warrant and affidavit are the mechinisim through which a debt collection action is initiated on a sworn account in the general sessions court in Tennessee. In other words, the civil warrant **and** affidavit together constitute the formal pleading in general sessions court. To find otherwise, as urged by plaintiff, would conflict with the procedure established by statute in Tennessee and result in a nonsensical nullification of the formal pleading exception. *See Lilly v. RAB Performance Recoveries, LLC*, 2013 WL 3834008 at * 7 (E.D. Tenn. July 23, 2013). *See also White v. Sherman Financial Group*, 2013 WL 5936679 (E.D. Tenn. Nov. 4, 2013).

### IV. Conclusion

For the reasons set forth herein, Buffaloe's motion for partial judgment on the pleadings, [Doc. 30], is GRANTED and plaintiff's complaint against Buffaloe will be DISMISSED WITH PREJUDICE.[1]

A separate judgment will enter.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] The remaining claims against Buffaloe, including plaintiff's claims under the Truth In Lending Act and any FDCPA claims premised on the Truth In Lending Act, were dismissed by previous order of the Court. [See Doc. 39].